UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ADVENTURE HARBOR ESTATES, LLC, ET AL. | CIVIL ACTION |
| VERSUS | NO: 12-1848 C/W 13-142 & 13-4925 |
| MICHAEL A. LEBLANC, ET AL. | SECTION: "A" (5) |

## ORDER AND REASONS

### [REF: 13-4925]

The following motion is before the Court: **Motion for Summary Judgment (Rec. Doc. 208)** filed by defendants Steve Serafin and William McCollough. Plaintiffs Michael A. LeBlanc and Mary Kaye LeBlanc oppose the motion.[1] The motion, noticed for submission on July 16, 2014, is before the Court on the briefs without oral argument. For the reasons that follow, the motion is GRANTED.

## I.    BACKGROUND

These consolidated actions arise out of the attempted purchase of certain property owned by Forty Acre Corporation and/or Mary Kaye and Michael LeBlanc. The property at issue ("the Property") comprises approximately numerous acres located in Terrebonne Parish, Louisiana. The principals of defendant Forty Acre are Mary Kaye and Michael LeBlanc. The plaintiffs in the lead action (12-1848) are Adventure Harbor Estates, LLC, Steven Serafin, and William McCollough.

According to the complaint, in January 2008 Serafin and McCollough entered into a Land Purchase Agreement ("the Agreement") with the LeBlancs for the purchase of the Property for $1,930,000.00. (Comp.¶ A(1) {12-1848}). The Agreement required the LeBlancs

---

[1] The parties are described as either "plaintiff" or "defendant" according to their postures in Civil Action 13-4925.

to give Adventure Harbor reasonable access to the Property to conduct inspections, tests, and studies. (*Id.* ¶ 6).

During the course of the negotiations, Serafin and McCollough advised the LeBlancs that the financing company which was to provide the money to purchase the Property required a current wetlands delineation to complete the analysis of the loan application. (*Id.* 7). Serafin and McCollough allege that the LeBlancs assured them that a wetlands delineation had already been performed, and that they would provide the appropriate documentation for the lender. (*Id.* ¶ 8). Serafin and McCollough claim that the LeBlancs repeatedly delayed producing the wetlands document and when they did produce it, the document was not a wetlands delineation. (*Id.* ¶¶ 8, 9). According to Serafin and McCollough, the LeBlancs then resisted their requests for full access to the Property for the purpose of performing a complete wetlands study, and the lender eventually refused to allow the transaction to close. (*Id.* ¶ 9). Serafin and McCollough assert that they were unable to obtain financing because of the LeBlancs' breaches of the Agreement and were damaged in excess of $2,000,000.00 when the deal fell through. (*Id.* ¶ 12). Based on the foregoing, Serafin and McCollough's first cause of action is for breach of contract. They allege that the LeBlancs acted outside the scope of their corporate authority and that the corporation was their "alter ego," rendering them personally liable on the breach of contract claim. (*Id.* ¶¶ A(1)-(2)).

Serafin and McCollough each assert a second cause of action for defamation and malicious prosecution. The basis of this claim is that the LeBlancs filed criminal complaints against Serafin and McCollough accusing them of stealing nearly $1,000,000.00 from the LeBlancs in conjunction with the failed land deal. (Comp.¶¶ B(2), V(2) {12-1848}).

Prior to the filing of Civil Action 12-1848 in this Court, defendant Forty Acre filed for bankruptcy protection in this district (Bankr. Case No. 11-10074). Adventure Harbor, Serafin,

and McCollough filed an adversary complaint (Adv. Pro. No. 12-1043) against Forty Acre in the bankruptcy proceedings. The allegations in the adversary complaint were nearly identical to those being asserted in Civil Action 12-1848. The Court granted Serafin and McCollough's motion to withdraw the reference to the bankruptcy court, and the adversarial complaint was allotted as Civil Action 13-142, which this Court then consolidated with Civil Action 12-1848.

Meanwhile the LeBlancs and Forty Acre/The Forty Acre Corporation Plan Trust[2] filed suit against Robert Morris Cook, Serafin, and McCollough in state court.[3] Cook is alleged to have absconded with $900,000.00 in loan proceeds that he obtained by mortgaging a portion of the LeBlancs' property. The LeBlancs had transferred a portion of the Property to Cook and his corporation, C&R, so that Cook could confect a financing deal to enable Serafin and McCollough to purchase the entirety of the property. McCollough removed that suit to this Court as Civil Action 13-4925, which this Court then consolidated with the lead case.

During the course of the litigation the LeBlancs filed third party demands against Certain Underwriters at Lloyd's of London (Rec. Doc. 52) and Allstate Insurance Co. (Rec. Doc. 94). Allstate issued a homeowner's policy to the LeBlancs, naming as insureds Michael A. LeBlanc and Mary Kaye LeBlanc (*Id.* ¶ III). Allstate initially agreed to provide a defense

---

[2] As noted above, Forty Acre filed for Chapter 11 bankruptcy protection prior to the commencement of litigation in district court. The Confirmation Order directed Forty Acre to transfer certain assets, including the Terrebonne Parish land and Forty Acre's causes of action, to The Forty Acre Corporation Plan Trust. (Rec. Doc. 1-2 {13-4925}).

[3] This filing, which was filed in Terrebonne Parish as #161189 on July 6, 2010, will prove significant for purposes of determining whether the LeBlancs' claims against Serafin and McCollough are timely. The original petition named only Robert Cook as a defendant. (Rec. Doc. 214-3, Opposition Exhibit. E). The LeBlancs did not join claims against Serafin and McCollough until June 7, 2013. (Id. Exhibit. F). McCollough then removed the case to this Court as Civil Action 13-4925.

under a reservation of rights.[4] (*Id.* ¶ IV).

Via the instant motion Serafin and McCollough move for judgment as a matter of law in their favor on the grounds that 1) the LeBlancs' claims against them are prescribed, and 2) the LeBlancs have no right of action against Serafin and McCollough under Louisiana law.

## II.    DISCUSSION

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (*citing Anderson*, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the non-moving party. *Id.* (*citing Anderson*, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Id.* (*citing* Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Id.* (*citing SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993)).

---

[4] Cross motions filed by the LeBlancs and Allstate are pending (Rec. Docs. 209 & 210) and will not be addressed in this Order and Reasons.

The magistrate judge conducted a settlement conference on June 24, 2014. All claims were settled with the exception of the LeBlancs' personal claims against Serafin and McCollough. (Rec. Doc. 207). Given that the LeBlancs and Allstate filed their cross motions for summary judgment after the conference, the Court surmises that the pre-notice attorney fee claim was not part of the settlement.

### A.     Prescription

The LeBlancs claims against Serafin and McCollough sound in tort. Tort claims are subject to a liberative prescription of one year. La. Civ. Code art. 3492. This prescription begins to run from the day injury or damage is sustained. *Id.* The LeBlancs do not dispute that prescription began to run on their claims against Serafin and McCollough no later than March 10 , 2010, when they executed affidavits in support of criminal charges against Serafin and McCollough. (*See* Uncontested Mat. Facts 11, 12, & 13). But the LeBlancs did not join Serafin and McCollough as defendants in the state court suit against Cook (filed July 6, 2010) until June 7, 2013, which is when they filed their Second Supplemental and Amending Petition (#161189) in the state court proceedings. *See* note 3, *supra*. The LeBlancs bear the burden of establishing that their claims are timely. *See Spott v. Otis Elev. Co.*, 601 So. 2d 1355, 1361 (La. 1992) (noting that even when the claim is not prescribed on its face the burden shifts to the plaintiff to demonstrate that his claims are timely once the defendant makes out a prima facie case of prescription).

The LeBlancs' argument is grounded on Civil Code articles 2324 and 3503. The crux of these articles is that joint tortfeasors are liable in solido so when prescription is interrupted by filing suit against one of the joint tortfeasors, it is interrupted as to all.[5] The LeBlancs allege that Cook, Serafin, and McCollough conspired together and acted in concert to convert their property. The allegation is clearly one in support of in solido liability as to Cook, Serafin, and McCollough. Whether the LeBlancs can ultimately prove that Cook, Serafin, and

---

[5] "He who conspires with another person to commit an intentional or willful act is answerable, in solido, with that person, for the damage caused by such act." La. Civ. Code art. 2324(A). "Interruption of prescription against one joint tortfeasor is effective against all joint tort feasors." *Id.* 2324(C). "When prescription is interrupted against a solidary obligor, the interruption is effective against all solidary obligors and their successors." La. Civ. Code art. 3503.

McCollough were acting in concert still remains to be seen but as outlined in their opposition memorandum, the record is replete with evidence to create an issue of fact as to that assertion.[6] If the LeBlancs ultimately do prove that Cook, Serafin, and McCollough were joint tortfeasors, then the lawsuit filed against Cook on July 6, 2010, will have interrupted prescription as to Serafin and McCollough even though they were not added as parties until much later in the litigation.

Furthermore, the Court agrees with the LeBlancs' contention that *Ray v. Alexandria Mall*, 434 So. 2d 1083 (La. 1983), is inapposite. *Ray* addresses relation-back of amendments when a defendant is substituted into the case after the prescriptive period has run. The LeBlancs' Second Supplemental and Amending Petition added two wholly new defendants to the original lawsuit. The issue is not whether the amendment relates back to the date of the original filing but rather whether the original filing interrupted prescription as to Serafin and McCollough even though they were not named as defendants. This question is governed by Civil Code articles 2324 and 3503, not by *Ray*.[7]

In sum, issues of fact exist as to whether the defendants acted as joint tortfeasors

---

[6] Serafin and McCollough have spent an inordinate amount of time in their reply memorandum attempting to refute any suggestion of a "partnership" between Cook and themselves. The LeBlancs did exhibit poor word choice by using that legal terminology at times in their opposition memorandum but it was clear to the Court that the LeBlancs are not claiming the existence of a separate and distinct "partnership" juridical entity. Again, the LeBlancs' arguments are made in support of joint tortfeasor status which does not require a formal article 2801 partnership.

[7] Even though Serafin and McCollough specifically argued in their memorandum in support that the one year prescriptive period against Serafin and McCollough began no later than March 10, 2010, and ended on March 11, 2011, (Rec. Doc. 208-1, Memorandum at 5), they changed their argument in their reply memorandum to suggest that the suit filed in July 2010 against Cook was already prescribed when it was filed. (Rec. Doc. 219, Reply at 5). Serafin and McCollough devoted two sentences to this assertion and supported it with neither legal authority, evidence, nor adequate explanation. The Court therefore does not consider this argument.

thereby rendering them liable in solido so Serafin and LeBlanc are not entitled to judgment as a matter of law based on prescription.

### B.     Right of Action

Serafin and McCollough's second argument in support of judgment as a matter of law is that the LeBlancs have no individual right of action or standing to sue for damages in their own right. According to Serafin and McCollough, all of the LeBlancs' damages are derivative of the corporation's (Forty Acre) damages; as shareholders and officers, the LeBlancs have no claims of their own to assert.

Under Louisiana law, shareholders and officers of a corporation generally do not have a personal right of action against third parties to recover for acts committed against or causing damage to the corporation. *Joe Conte Toyota, Inc. v. Toyota Motor Sales, USA, Inc.*, 689 So. 2d 650, 654 (La. App. 4th Cir. 1997) (citing *Bolanos v. Madary*, 609 So. 2d 972, 977 (La. App. 4th Cir. 1992)). To the extent that any personal right of action does exist, it must be grounded on injury that is "unique" or "special" to the shareholder. *Paul Piazza & Son, Inc. v. Piazza*, 83 So. 3d 1066, 1070 (La. App. 5th Cir. 2011) (citing *St. Bernard Optical Corp. v. Schoenberger*, 925 So. 2d 604 (La. App. 4th Cir. 2006)). Where the alleged loss to the individual shareholder is the same loss that would be suffered by other shareholders, the loss is considered to be indirect and is not actionable individually. *Id.* But where the shareholder and not the corporation suffers the loss, the loss is considered to be direct and the shareholder may have the right to sue individually. *Id.* (citing *Monroe v. Baron One, LLC*, 902 So. 2d 529 (La. App. 5th Cir. 2005)). Even where the shareholder has personally guaranteed the corporation's debts, he cannot sue individually for the damage to the corporation. *See Joe Conte Toyota*, 689 So. 2d at 654.

The LeBlancs' individual claims are asserted in the case that was removed from state

court to this Court as Civil Action 13-4925. Civil Action 13-4925 asserts tort claims against Cook, Serafin, and McCollough arising out of the $990,000.00 in loan proceeds that Cook obtained from Louisiana Federal Land Bank ("LFLB") by mortgaging a portion of the Property owned by Forty Acre. (Rec. Doc. 214-3 Exhibit E, Petition for Damages and Sequestration No. 161189). Cook allegedly converted the funds to his own use and when the loan went into default the Property was seized as collateral. (*Id.* ¶ 8). The Second Supplemental and Amending Petition simply joins Serafin and McCollough as defendants, alleging that they assisted Cook in the conversion. (Rec. Doc. 214-4 Exhibit F). Thus, the <u>only</u> claims being asserted by the LeBlancs individually against Serafin and McCollough pertain to the LFLB loan proceeds and the subsequent default on the loan.[8] No other claims are pleaded.

The LeBlancs did not own the land that Cook mortgaged. Forty Acre Corporation owned the land prior to transferring it to Cook, and the LeBlancs were officers of the corporation and its primary shareholders. All of the legal documents supporting the transactions that led to the failed deal pleaded in Civil Action 13-4925 were signed by the LeBlancs while acting as officers of the corporation. Based on the aforementioned principles of Louisiana law, the LeBlancs only have a right of action to sue individually if they can allege direct damage that is unique to them as opposed to Forty Acre. The LeBlancs allege no such direct damage of their own. They fail to point out any type of damage that they sustained as

---

[8] The Court finds it necessary to clarify the scope of the LeBlancs' claims. Contrary to assertions made in their Opposition, it is irrelevant to the standing issue that the consolidated actions involved multiple tracts of land and numerous allegations about other failed business transactions. (Rec. Doc. 214-1, Opposition at 11). Consolidation is merely an administrative case management tool. The only claims that the LeBlancs individually asserted against Serafin and McCollough were brought in Civil Action 13-4925, which pertains solely to the LFLB loan and its debacle. Consolidation does not cause one civil action to merge into another; the actions do not lose their separate identities; and the parties to one action do not become parties to the other actions. *McKenzie v. United States*, 678 F.2d 571, 574 (5th Cir. 1982). Thus, the LeBlancs' arguments in opposition regarding other extraneous failed transactions are irrelevant to the current standing analysis.

their own that was not sustained by Forty Acre. In other words, the damages sustained as a result of the alleged conversion were to Forty Acre Corporation directly. The LeBlancs were surely damaged financially but the damage to them was indirect via their position as shareholders of Forty Acre. Indirect damage will not support a cause of action by a shareholder against the party who allegedly damaged the corporation. Forty Acre sought bankruptcy protection and the trustee sued Cook, McCollough, and Serafin for the damages that they allegedly caused the corporation. (Rec. Doc. 214-4 Exhibit G, Complaint in Civil Action 13-142). Those claims have now been compromised. (*See* Rec. Doc. 207).

In sum, the LeBlancs have no individual right of action against Serafin and McCollough for the damages that they allegedly caused to Forty Acre. Serafin and McCollough are entitled to judgment as a matter of law.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 208)** filed by defendants Steve Serafin and William McCollough is **GRANTED**. The claims asserted by Michael A. LeBlanc and Mary Kaye LeBlanc against Steve Serafin and William McCollough are **DISMISSED** with prejudice;

**IT IS FURTHER ORDERED** that the status conference set for **September 24, 2014**, is **CANCELLED**.

July 31, 2014

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE