UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ADVENTURE HARBOR ESTATES, LLC,                    CIVIL ACTION
ET AL.

VERSUS                                            NO: 12-1848 C/W 13-142
                                                  & 13-4925

MICHAEL A. LEBLANC, ET AL.                        SECTION: "A" (5)

### ORDER AND REASONS
### [REF: ALL CASES]

The following motions are before the Court: **Motion for Summary Judgment (Rec. Doc. 209)** filed by Allstate Insurance Co. and **Motion for Summary Judgment Against Allstate For Payment of Attorney's Fees (Rec. Doc. 210)** filed by Michael A. LeBlanc and Mary Kaye LeBlanc. The motions, noticed for submission on July 16, 2014, are before the Court on the briefs without oral argument. For the reasons that follow, both motions are GRANTED IN PART AND DENIED IN PART.

## I.    BACKGROUND

These consolidated actions arise out of the attempted purchase of certain property owned by Forty Acre Corporation and/or Mary Kaye and Michael LeBlanc. The property at issue ("the Property") comprises numerous acres located in Terrebonne Parish, Louisiana. The principals of defendant Forty Acre are defendants, Mary Kaye and Michael LeBlanc. The plaintiffs in the lead action (12-1848) are Adventure Harbor Estates, LLC, Steven Serafin, and William McCollough.

According to the complaint, in January 2008 Plaintiffs entered into a Land Purchase Agreement ("the Agreement") with Defendants for the purchase of the Property for $1,930,000.00. (Comp.¶ A(1) {12-1848}). The Agreement required the LeBlancs to give Adventure Harbor reasonable access to the Property to conduct inspections, tests, and

studies. (*Id.* ¶ 6).

During the course of the negotiations, Plaintiffs advised Defendants that the financing company which was to provide the money to purchase the Property required a current wetlands delineation to complete the analysis of the loan application. (*Id.* 7). Plaintiffs allege that the LeBlancs assured them that a wetlands delineation had already been performed, and that they would provide the appropriate documentation for the lender. (*Id.* ¶ 8). Plaintiffs claim that the LeBlancs repeatedly delayed producing the wetlands document and when they did produce it, the document was not a wetlands delineation. (*Id.* ¶¶ 8, 9). According to Plaintiffs, Defendants then resisted their requests for full access to the Property for the purpose of performing a complete wetlands study, and the lender eventually refused to allow the transaction to close. (*Id.* ¶ 9). Plaintiffs assert that they were unable to obtain financing because of Defendants' breaches of the Agreement and were damaged in excess of $2,000,000.00 when the deal fell through. (*Id.* ¶ 12). Based on the foregoing, Plaintiffs' first cause of action is for breach of contract. Plaintiffs allege that the LeBlancs acted outside the scope of their corporate authority and that the corporation was their "alter ego," rendering them personally liable on the breach of contract claim. (*Id.* ¶¶ A(1)-(2)).

Serafin and McCollough each assert a second cause of action for defamation and malicious prosecution. The basis of this claim is that the LeBlancs filed criminal complaints against Serafin and McCollough accusing them of stealing nearly $1,000,000.00 from the LeBlancs in conjunction with the failed land deal. (Comp.¶¶ B(2), V(2) {12-1848}).

Prior to the filing of Civil Action 12-1848 in this Court, defendant Forty Acre filed for bankruptcy protection in this district (Bankr. Case No. 11-10074). Adventure Harbor, Serafin, and McCollough filed an adversary complaint (Adv. Pro. No. 12-1043) against Forty Acre in the bankruptcy proceedings. The allegations in the adversary complaint were nearly identical

to those being asserted in Civil Action 12-1848. The Court granted Plaintiffs' motion to withdraw the reference to the bankruptcy court, and the adversarial complaint was allotted as Civil Action 13-142, which this Court then consolidated with Civil Action 12-1848.

Meanwhile the LeBlancs and Forty Acre/The Forty Acre Corporation Plan Trust[1] filed suit against Robert Morris Cook, Serafin, and McCollough in state court. Cook is alleged to have absconded with $900,000.00 in loan proceeds that he obtained by mortgaging a portion of the LeBlancs' property. The LeBlancs had transferred a portion of the Property to Cook and his corporation, C&R, so that Cook could confect a financing deal to enable Serafin and McCollough to purchase the entirety of the property. McCollough removed that suit to this Court as Civil Action 13-4925, which this Court then consolidated with the lead case.

During the course of the litigation the LeBlancs filed third party demands against Certain Underwriters at Lloyd's of London (Rec. Doc. 52) and Allstate Insurance Co. (Rec. Doc. 94). Allstate issued a homeowner's policy to the LeBlancs, naming as insureds Michael A. LeBlanc and Mary Kaye LeBlanc (*Id.* ¶ III). Allstate initially agreed to provide a defense under a reservation of rights. (*Id.* ¶ IV).

Earlier this year Allstate moved for summary judgment on the issue of its duty to defend and coverage. The Court denied the motion as to the duty to defend and found the coverage issue to be premature. (Rec. Doc. 190).

The magistrate judge conducted a settlement conference on June 24, 2014. All claims were settled with the exception of the LeBlancs' personal claims against Serafin and McCollough. (Rec. Doc. 207). The Court disposed of those claims in favor of Serafin and

---

[1] As noted above, Forty Acre filed for Chapter 11 bankruptcy protection prior to the commencement of litigation in district court. The Confirmation Order directed Forty Acre to transfer certain assets, including the Terrebonne Parish land and Forty Acre's causes of action, to The Forty Acre Corporation Plan Trust. (Rec. Doc. 1-2 {13-4925}).

McCollough via summary judgment on July 31, 2014.[2] (Rec. Doc. 223).

Via the instant motions Allstate and the LeBlancs each move for summary judgment on the question of whether Allstate must reimburse the LeBlancs for all of the defense costs that they incurred in defense of the claims brought against them. Allstate also moves for summary judgment on the "bad faith" damages claim raised in the LeBlancs' Second Supplemental and Amended Third Party Complaint (Rec. Doc. 199).

## II.   DISCUSSION

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (*citing Anderson*, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the non-moving party. *Id.* (*citing Anderson*, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Id.* (*citing* Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Id.* (*citing SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993)).

The lawsuit against the LeBlancs was filed on July 13, 2012, and the LeBlancs

---

[2] The LeBlancs' claims against absent defendant Robert Morris Cook remain pending.

answered the complaint on September 20, 2012. (Rec. Docs. 1 & 8). After the Court disqualified the LeBlancs' personal attorney Randall Alfred on November 9, 2012 (Rec. Doc. 15), the LeBlancs hired Robert T. Myers and Donald L. Foret to represent them in this litigation. Myers and Foret began representing the LeBlancs on January 14, 2013. (LeBlancs' Uncontested Fact #3). Allstate did not receive notice of the lawsuit against the LeBlancs until June 20, 2013. (Allstate Uncontested Fact #1; LeBlancs Uncontested Fact #4). Allstate agreed to defend the LeBlancs under a reservation of rights on July 26, 2013, (Allstate Uncontested Fact #2; Allstate Exhibit 2), and notified the LeBlancs on August 7, 2013, that Allstate had assigned the defense to attorney Bryan Haydel at the Porteous, Hainkel & Johnson lawfirm in New Orleans.[3] (LeBlancs Uncontested Fact #5; LeBlancs Exhibit B).

The LeBlancs' contention is that Allstate did not actually begin to provide a defense to the LeBlancs until Wednesday, September 11, 2013, which was after the depositions of Serafin and McCollough. (LeBlancs Uncontested Fact #6). Myers was present at the depositions but Haydel was not. Myers' fees and costs for representing the LeBlancs through September 11, 2013, total $73,588. (*Id.* #9).

As previously noted, the Court has already determined based on "the four corners" of Allstate's policy and the claims asserted against the LeBlancs that Allstate had a duty to defend. (Rec. Doc. 190). The question before the Court is whether Allstate must reimburse the LeBlancs for the defense costs that they incurred after they hired Myers. But the cross motions actually present two distinct legal questions: First, there is the question of the pre-June 20, 2013 defense costs, which are those defense costs that the LeBlancs incurred prior to notifying Allstate about the suit filed against them; second, there are the legal costs that the

---

[3] Allstate's letter refers to the New Orleans office. Mr. Haydel is actually with the firm's Baton Rouge office.

5

LeBlancs incurred after the notice date of June 20, 2013, and until September 11, 2013, which is the date that the LeBlancs contend that Allstate's attorney actually began to defend the lawsuit.

### Pre-notice Fees and Costs

Allstate contends that its obligations with respect to pre-notice fees and costs is governed by its policy, which according to Allstate, expressly disavows any obligation to pay for attorney's fees that an insured incurs prior to notifying Allstate about a claim.[4]

In opposition, the LeBlancs argue that Allstate must pay for all of its insured's fees and costs because the duty to defend attaches from the date that the suit is filed against the insured. The LeBlancs also point out that all of their attorney's work inured to Allstate's benefit. The LeBlancs argue that the Louisiana case law on the subject is uniform in that the insured is entitled to all defense costs, even prior to notice, so long as the costs were necessary to protect the insured, inured to the benefit of the insurer, and there was no actual prejudice to the insurer.

In *Peavey Co. v. M/V ANPA*, 971 F.2d 1168, 1178 (5th Cir. 1992), the Fifth Circuit held that the insurer was liable for pre-notice defense costs in that particular case because the insurer could demonstrate no actual prejudice from the delayed notice of the claim, and because the insurer had relied entirely on the insured's pre-notice investigations when later taking over the defense. But the policy in Peavey apparently did not contain express language to govern the result, and neither *Peavey* nor any of the Louisiana authorities cited in the

---

[4] Allstate also points out that Certain Underwriters has already paid the LeBlancs for their pre-notice attorney's fees and costs but Allstate does not argue the legal significance of this fact. (Rec. Doc. 209-4, Allstate's Memo in Support at 5; Allstate Uncontested Fact #11). The Court therefore assumes that Allstate raises this point in support of its contention that the LeBlancs have sustained no damages as a result of any conduct on Allstate's part.

decision suggest that principles of prejudice override the policy language itself.[5] Allstate's policy states that after a loss, Allstate "will provide a defense **with counsel of our choice**, even if the allegations are not true." (Rec. Doc. 209-11, Exhibit 7) (emphasis added). Under the Conditions, the policy puts the onus on the insured to "[p]romptly notify" Allstate of the claim and mandates transmittal to Allstate of all legal papers received relating to the claim or suit. (*Id.* Allstate's policy, Pt. 4, § 2, ¶¶ 1(a), (b)). Perhaps the LeBlancs would have a better argument under the case law that they cite if the policy had stopped here. But the catchall paragraph at the end of these instructions to the insured states as follows:

> An insured person will not voluntarily pay any money, assume any obligation or incur any expense, **except at that person's own cost**, other than for first aid to others at the time of the loss . . . .

*Id.* (emphasis added).

In this case the LeBlancs waited nearly a year to notify Allstate of the suit that was filed against them individually. Thus, there is no argument to be made in this case that exigencies forced the LeBlancs to incur expenses to defend the suit before Allstate could step in to provide a defense. In the interim between being sued and finally notifying Allstate about the lawsuit, the LeBlancs retained the attorney of their choice, which was their prerogative to do, but under the clear terms of the policy they had to exercise that prerogative at their own cost. Allstate is entitled to judgment as a matter of law as to the pre-notice attorney's fees and expenses.[6]

### *Post-notice Fees and Costs*

---

[5] In fact, the *Gully* decision cited in *Peavey*, which held that pre-notice defense costs were not recoverable, was based on clear policy language that the insured failed to follow. *Gully & Assocs., Inc. v. Wausau Ins. Cos.*, 536 So. 2d 816, 818 (La. App. 1st Cir. 1988).

[6] The parties do not clarify how much of the $73,588 that the LeBlancs seek constitutes pre-notice fees and costs.

It is undisputed that after Allstate assumed the LeBlancs' defense on July 26, 2013, its retained counsel failed to appear for two key depositions. Myers was present at those depositions because he was still working for the LeBlancs to prosecute their claims against Serafin, McCollough, and Cook. But because Allstate's attorney was not present Myers was in fact the only attorney present who represented the LeBlancs.

Clearly, Allstate had a duty to the LeBlancs to defend their case after July 26, 2016, and Allstate breached that duty by failing to have counsel present at the depositions of Serafin and McCollough.[7] Allstate's arguments about why its lawyer was not present at those key depositions are not convincing. Allstate's main argument is that its attorney was not named on the deposition notices, and this argument could be persuasive but for two reasons. First, Allstate offers no sworn statement from its counsel to the effect that he lacked actual knowledge about the depositions. And second, if the attorney did lack actual knowledge of the depositions because his name was left off of the notices, then Allstate cannot cast blame on the other lawyers in the case for that occurrence. The record shows that Allstate's retained lawyer did not move to enroll in the case until September 12, 2013, which was after the depositions. (Rec. Doc. 104). The Court is persuaded that Allstate must reimburse the LeBlancs for Myers' fees and costs in conjunction with the depositions that the retained lawyer failed to attend.

As to damages resulting from the breach, the Court finds that the LeBlancs have failed

---

[7]  Again, the parties have not divided the $73,588 total that the LeBlancs seek into pre-notice fees and post-notice fees and costs. The Court assumes that most of the $73,588 comprises pre-notice fees and costs. The Court makes this assumption because Allstate received notice on June 20, 2013, and Allstate assumed full defense of the suit no later than September 11, 2013. *See* text, *supra*, page 5.

to create an issue of fact on this claim.[8] Allstate is entitled to summary judgment on the damages claim.

## III.    CONCLUSION

Both motions are GRANTED IN PART AND DENIED IN PART. The LeBlancs' motion for summary judgment is GRANTED as to the post-notice fees and costs attributable to the two depositions that Allstate's retained attorney did not attend in their defense. Allstate's motion for summary judgment is GRANTED as to all pre-notice defense fees and costs, and the claim for damages in conjunction with the failure to defend. This ruling disposes of all remaining claims between the LeBlancs and Allstate.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 209)** filed by Allstate Insurance Co., and the **Motion for Summary Judgment Against Allstate For Payment of Attorney's Fees (Rec. Doc. 210)** filed by Michael A. LeBlanc and Mary Kaye LeBlanc are **GRANTED IN PART AND DENIED IN PART** as explained above.

August 13, 2014

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[8] Damages are not supported by the evidence but Allstate will pay Myers' fees and costs in conjunction with the depositions that its attorney failed to attend without regard to how much of Myers' time at those depositions was devoted to actually defending the LeBlancs versus prosecuting their claims.